## SCHLICHT & FIELD Co. *v.* SHERWOOD LETTER-FILE Co.

*(Circuit Court, N. D. Illinois.* November 5, 1888.)

PATENTS FOR INVENTIONS—NOVELTY—LETTER-FILES.
 Claim 1 of letters patent No. 217,907, granted July 29, 1879, to James S. Shannon for an "improvement in temporary binders," the invention claimed consisting of the use of vertical and vibrating wires in pairs for filing papers, is void for want of novelty. The Bussey patent, issued January 8, 1878, anticipates the combination of a single vibrating wire with a fixed vertical wire, and there is no invention in merely duplicating the wires.

In Equity. On bill for infringement of patent.
*Banning & Banning & Payson,* for complainant.
*Dyrenforth & Dyrenforth,* for defendant.

BLODGETT, J. By the bill in this case the defendant is charged with the infringement of letters patent No. 217,907, granted July 29, 1879, to James S. Shannon, for an "improvement in temporary binders," and an injunction and accounting for damages are asked for. The patentee in his specifications says:

"My invention relates to a novel construction in temporary binders of the class having fixed receiving wires, and hinged or vibrating transfer wires; and consists—*First,* in giving movement to the latter on a vertical axis, for the purpose of swinging their free ends towards or from the free ends of the fixed wires; *secondly,* in means, provided and arranged substantially as herein shown and described, whereby the vertically vibrating wires are held stationary, either in contact with or removed from the fixed wires; and, *thirdly,* in connecting the two swinging wires of a double file, so that in rotating one the other is also operated."

The patent contains four claims, but infringement is here charged only as to the first, which is in the following words:

"(1) In combination with the fixed wire, B, and the base, A, the arched vibrating wire, C, having a positive rotary movement in the axis of its vertical portion, whereby its free end may be swung into contact with or away from the free end of the fixed wire, substantially as described."

The complainant has filed a disclaimer, which is in the following words:

"Your petitioner is aware that in the patent to William C. Bussey, No. 198,968, issued January 8, 1878, for an improvement in bill-files, an arrange-

ment of a base-plate, one fixed wire, and one arched vibrating wire are shown, but in that and similar arrangements, where only one wire is used, there is nothing to steady the papers, and prevent them from turning to one side or the other. Your petitioner, therefore, limits the first claim of said patent to a combination with the fixed wire, B, and the base, A, of the arched vibrating wire, C, having a positive rotary movement in the axis of its vertical portion, when the fixed and vibrating wires are used in pairs, whether operating simultaneously, or each separately, as shown and described in said patent."

So that by this disclaimer the complainant limits this first claim to the use of the vertical and vibrating wires in pairs. The patent shows devices whereby the vertically vibrating wires are held stationary, either in contact with or removed from the fixed wires; and also a device whereby the two vibrating wires are rotated simultaneously by pressure upon either one. But these two devices for holding the wires stationary, either in contact with or away from the fixed wires, and for operating both wires simultaneously, are not involved in this suit. The defenses interposed are (1) that the patent, as shown by this first claim, is void for want of novelty; (2) that defendant does not infringe.

The disclaimer filed by the complainant admits that the Bussey patent of January 8, 1878, anticipates the combination of a single vibrating or arched wire with a fixed vertical wire, as shown by the first claim of complainant's patent; but complainant has attempted, by the disclaimer filed herein, to obviate the effect of the Bussey patent, by limiting the complainant's device to a tablet or letter-file containing at least a pair of wires; so that we now have to deal with complainant's patent, as amended or limited by the disclaimer, as consisting of two vertical wires and two vibrating wires, each vibrating wire co-acting with one of the vertical wires to form a continuous arch or ring, so that the papers upon the file may be passed over from the spindle onto the transfer or vibrating wire for the purpose of removing the letter or paper from the file, without disturbing the relations of the other papers upon the file, and the vibrating wires having a free movement on their vertical axis, so as to admit the swinging of the free ends into contact with or away from the ends of the fixed wires; and the question now is, it being conceded that the Bussey patent showed a single vertical or vibrating wire co-acting with a fixed vertical wire, precisely like the single vertical and vibrating and fixed wires described in the first claim of the complainant's patent, is there any invention in duplicating these wires so as to hang the papers to be filed upon two spindles instead of one? That there may be some advantage in holding the papers by two points of suspension or attachment to the letter-file or temporary binder, as it is called in this patent, is probable; but, when Bussey had shown the method of making a file with one set of wires, could there be any invention in simply making a letter-file with two such sets, so as to have two points of attachment of the papers to the letter-file, thereby, in the language of the disclaimer, "steadying the papers, and preventing them from turning to one side or the other?" It does not seem to me that this mere duplication of parts calls for the exercise of inventive talent. There is no more invention in fastening papers to a letter-file by two points of at-

tachment, instead of one, than there would be in fastening a board to a piece of studding or beam by two nails instead of one. In *Dunbar* v. *Myers*, 94 U. S. 187, the patent was for putting deflecting plates on both sides of a circular saw for cutting veneers. It was conceded that the use of a deflecting plate on one side of the saw was old, and the court said, at page 195:

"Grant that two such plates are in certain cases better than one used alone; still the question arises whether it involves any invention to add the second plate to a machine already constructed with one plate. Beyond doubt, every operator, who had used a machine having one deflecting plate, knew full well what the function was that the deflecting plate was designed to accomplish, and the reasons for placing it at the side of the saw are obvious to the understanding of every one who ever witnessed the operation of a circular saw. Ordinary mechanics know how to use bolts, rivets, and screws, and it is obvious that any one knowing how to use such devices would know how to arrange a deflecting plate at one side of a circular saw which had such a device properly arranged on the other side—it being conceded that both deflecting plates are constructed and arranged precisely alike, except that one is placed on one side of the saw, and the other on the opposite side. Both are attached to the frame in the same manner; nor is it shown, either in the specification or drawings, that there is anything peculiar in the means employed for arranging the deflecting plates at the sides of the saw, or in attaching the same to the frame."

And the same rule was followed in *Millner* v. *Voss*, 4 Hughes, 262.

I am therefore of opinion that, in the light of the Bussey patent, the complainant has gained nothing by the attempt to limit this patent to the use of the wires in pairs; and I must therefore find that this patent is void for want of novelty.